# IN THE UNITED STATES COURT OF APPEALS
# FIFTH CIRCUIT

CASE NO. 11-10338

NAIEL NASSAR, MD,

    Plaintiff - Appellee  Cross-Appellant

v.

UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER,

    Defendant - Appellant  Cross-Appellee

Appeal from the United States District Court for the Northern District of Texas
Case No. 3:08-CV-1337

## REPLY IN SUPPORT OF PETITION FOR REHEARING EN BANC OF APPELLANT, UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER

*Counsel for Appellant*

| | |
|---|---|
| Daryl L. Joseffer | Greg Abbott |
| KING & SPALDING LLP | Attorney General of Texas |
| 1700 Pennsylvania Ave NW, Suite 200 | Daniel T. Hodge |
| Washington, D.C. 20006-4707 | First Assistant Attorney General |
| Telephone: (202) 737-0500 | David C. Mattax |
| Facsimile: (202) 626-3737 | Deputy Attorney General for Defense Litigation |
| | |
| Michael W. Johnston | Robert O'Keefe |
| KING & SPALDING LLP | General Litigation, Division Chief |
| 1180 Peachtree Street N.E. | Lars Hagen |
| Atlanta, GA 30309-3521 | Assistant Attorney General |
| Telephone: (404) 572-4600 | General Litigation Division |
| Facsimile: (404) 572-5100 | Office of the Attorney General |
| | P. O. Box 12548, Capitol Station |
| Myrna Salinas Baumann | Austin, Texas 78711-2548 |
| KING & SPALDING LLP | Telephone: (512) 463-2120 |
| 401 Congress Avenue, Suite 3200 | Facsimile: (512) 320-0667 |
| Austin, Texas 78701 | |
| Telephone: (512) 457-2000 | |
| Facsimile: (512) 457-2100 | |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................1

ARGUMENT .........................................................................................................1

    1.    There was no waiver..................................................................................1

    2.    The erroneous instruction was not harmless ..........................................4

CONCLUSION......................................................................................................5

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Lang v. Tex. & Pac. Ry. Co.*,
　624 F.2d 1275 (5th Cir. 1980) ..........................................................................3

*Groden v. Allen*,
　279 F. App'x 290 (5th Cir. 2008) .....................................................................3

*Gross v. FBL Fin. Servs., Inc.*,
　129 S. Ct. 2343 (2009)..................................................................................1, 4

*Smith v. Xerox Corp.*,
　602 F.3d 320 (5th Cir. 2010) .................................................................. passim

**Rules**

Fed. R. Civ. P. 51 ............................................................................................ 1-3

**INTRODUCTION**

Plaintiff Naiel Nassar, M.D. attempts to evade en banc review by conjuring two procedural arguments, waiver and harmless error. Neither argument has merit. And neither should distract from the need for en banc review to reconcile this Court's 2-1 decision in *Smith v. Xerox Corp.*, 602 F.3d 320 (5th Cir. 2010), with contrary authority of the Supreme Court and other circuits. Indeed, Nassar does not dispute the existence of a circuit split. His express reliance on the *dissenting* opinion in *Gross v. FBL Financial Services, Inc.*, 129 S. Ct. 2343 (2009), *see* Nassar Resp. 12, further confirms that, if nothing else, the standard for proving retaliation warrants en banc consideration.

**ARGUMENT**

**1.    There was no waiver.**

Nassar first asserts the Medical School did not properly preserve its objection to the mixed-motive jury instruction because it purportedly raised its objection only during the continuation of the charge conference on May 24, 2010, and not also during the first portion of the charge conference on May 21, 2010. Nassar Br. 7-9. That is legally irrelevant and factually incorrect.

Under Federal Rule of Civil Procedure 51, an objection to a jury instruction is properly made and preserved by presenting the objection to the district court on the record, before the instructions are read to the jury, and before closing arguments are delivered. Fed. R. Civ. P. 51(b)-(c). There is no dispute that the Medical School did just that. As Nassar acknowledges, the Medical School notified the district court of its objection to the mixed-motive instruction before the

jury charge and closing arguments. Nassar Resp. 7-8. The district court then resolved the Medical School's objection on the record. Med. Sch. Resp. & Reply Br. 19 n.4; R. 3310-13, 3318-19, 3339-41. That is all Rule 51 requires. Indeed, this Court's panel decision addressed the Medical School's objection on the merits, without even alluding to Nassar's waiver argument. Op. 9 n.16; *see* Nassar Br. 37-38; Med. Sch. Resp. & Reply Br. 19 n.4.

In any event, the Medical School raised its objection during both portions of the charge conference. During the first portion, on Friday, May 21, the Medical School argued that "the plaintiff must show that [retaliation] is the sole motive of the defendant." R. 3312. The district court then acknowledged that the Medical School took "the position it's a but-for" standard, and that, if a mixed-motive analysis were not the correct state of the law, the mixed-motive instruction the court later gave to the jury would be incorrect. R. 3312-13, 3318-19.

The *further* consideration of this issue by the parties and the court during the continuation of the charge conference on Monday, May 24 (R. 3330, 3339-41) merely provides additional confirmation that the issue was preserved. Indeed, while the district court incorrectly questioned whether the issue had been raised during the preceding Friday conference, the court ruled on the issue on the merits, not on waiver, and relied on this Court's analysis in *Smith*. R. 3318-19, 3339-41.

Nassar contends that objections generally must be re-raised following the reading of the jury instructions. But none of the authorities cited in his response addresses Rule 51 as it existed after the 2003 amendments and during this trial in 2010. *See, e.g.*, Nassar Resp. 8. As noted above, the relevant version of

Rule 51(c)(2) governs whether an objection is timely, and requires only that an objection be made "on the record and out of the jury's hearing before the instructions and arguments are delivered." Fed. R. Civ. P. 51(b)(2), (c)(2)(A).

In any event, as Nassar acknowledges, there is certainly no need to belabor an objection a second time if doing so would be "unavailing." Nassar Resp. 8. While Nassar insists that this exception is "clearly inapplicable here," *id.*, he gives no basis for that assertion, and there is none. Even before the amendments to Rule 51, a party was "excused from making a subsequent objection to the charge . . . [when] the charge, as given, properly stated the controlling law in the circuit when it was given," and "any objection would be fruitless." *Groden v. Allen*, 279 F. App'x 290, 292 (5th Cir. 2008) (discussing *Lang v. Tex. & Pac. Ry. Co.*, 624 F.2d 1275, 1279 (5th Cir. 1980)). In light of *Smith*, which was issued before the trial began, *see* R. 2242, the objection was fruitless as an objection can be — it was contrary to controlling circuit precedent, as the district court held during the charge conference and as Nassar argues elsewhere in his response. R. 3339-41; *see* Med. Sch. Br. 42.

Nassar's critique of the adequacy of the Medical School's proposed jury instruction only underscores the unreasonableness of his position on what it takes to preserve an error for appeal. *See* Nassar Resp. 7. With its proposed instruction, the Medical School emphasized its objection to a mixed-motive instruction by including a detailed note describing the conflicting state of the law and citing authority supporting a but-for causation standard. R. 1742 n.8. Having lodged that objection, the Medical School also complied with *Smith* by tendering a jury

3

instruction that treated but-for causation as an affirmative defense. Consistent with Rule 11, that is all the Medical School could have reasonably done.

## 2. The erroneous instruction was not harmless.

Nassar argues that the Medical School was not harmed by the district court's erroneous mixed-motive instruction on liability because the jury rejected the Medical School's affirmative defense to damages. Nassar Resp. 15. That contention ignores the importance of the burden of proof, which lies at the heart of the parties' dispute over the legal standard. Consistent with *Smith*, the district court gave two relevant jury instructions. During the liability phase of the bifurcated trial, the court gave a mixed-motive retaliation instruction. Med. Sch. Br. 43; R. 1876-77, 3415-16. During the subsequent damages phase, the court instructed the jury that Nassar was not entitled to damages if the Medical School had proven, as an affirmative defense, that it would have taken the same actions regardless of any retaliatory motive. Med. Sch. Br. 43; R. 1888-89; 3681-83.

In effect, the Court thereby removed what should have been a key issue with respect to liability (but-for causation) from the liability phase of trial; relegated that question to the subsequent damages phase after the jury had already formed its opinion on retaliation; switched the burden of proof from the plaintiff to the defendant on but-for causation; and entitled Nassar to prevail as to liability and to receive injunctive relief and attorney's fees even if the jury agreed with the Medical School's affirmative defense. Med. Sch. Br. 43; *see* R. 1876-77, 1888-89. As reflected in the split decisions in *Gross* and *Smith*, those are crucial differences, both legally and practically, that result in "distinctly two different methods of

4

proving discrimination." *Smith*, 602 F.3d at 339-340 (Jolly, J. dissenting); *see* Med. Sch. Pet. for Reh'g En Banc 10-12.

Moreover, although the en banc Court need not consider the sufficiency of the evidence, even a cursory review of the panel briefs refutes any suggestion that the evidence was so one-sided as to render the burden of proof irrelevant (and also refutes Nassar's repeated mischaracterizations of the record, which are beyond the scope of this reply). *See, e.g.*, Med. Sch. Resp. & Reply Br. 4, 13-15, 20. The objective documentary evidence shows that the Medical School took the same action Nassar later claimed to be retaliatory *well before* Nassar engaged in any protected activity. Med. Sch. Br. 12-13. In the Medical School's view, the fact that it took the same action both before and after the alleged impetus for retaliatory animus conclusively shows that the school would have — and in fact did — take the same action regardless of any retaliatory motive. *See* Med. Sch. Br. 12-13, 33-42; Med. Sch. Resp. & Reply Br. 11-18. At a minimum, the record evidence shows that switching the burden of proof on such a fundamental issue as but-for causation cannot be treated as harmless. Instead, as the en banc petition explains, this is exactly the kind of case in which the legal standard matters the most.[1]

## CONCLUSION

This Court should grant rehearing en banc.

---

[1] The panel's opinion does not address the Medical School's challenge to the jury's finding on the affirmative defense, apparently leaving it open to the Medical School to re-raise that defense on remand in the new damages trial ordered by the panel. *See* Op. 2, 8-9, 11. (The scope of the new trial is the subject of a separate petition for panel rehearing.) Thus, Nassar's harmless error argument is based on a presumed finding that has not yet been addressed by this Court and may be re-litigated.

5

Respectfully submitted,

| /s/ Daryl L. Joseffer | May 3, 2012 |
|---|---|
| KING & SPALDING LLP | Greg Abbott |
| Daryl L. Joseffer | Attorney General of Texas |
| 1700 Pennsylvania Ave NW | Daniel T. Hodge |
| Suite 200 | First Assistant Attorney General |
| Washington, D.C. 20006-4707 | David C. Mattax |
| Telephone: (202) 737-0500 | Deputy Attorney General for Defense |
| Facsimile: (202) 626-3737 | Litigation |
| Michael W. Johnston | Robert O'Keefe |
| 1180 Peachtree Street N.E. | General Litigation, Division Chief |
| Atlanta, GA 30309-3521 | Lars Hagen |
| Telephone: (404) 572-4600 | Assistant Attorney General |
| Facsimile: (404) 572-5100 | General Litigation Division |
| Myrna Salinas Baumann | Office of the Attorney General |
| 401 Congress Avenue | P. O. Box 12548, Capitol Station |
| Suite 3200 | Austin, Texas 78711-2548 |
| Austin, Texas 78701 | Telephone: (512) 463-2120 |
| Telephone: (512) 457-2000 | Facsimile: (512) 320-0667 |
| Facsimile: (512) 457-2100 | |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2012 an exact copy of this Reply in support of Petition for Rehearing En Banc was served in compliance with Federal Rules of Appellate Procedure 25(c) and (d) by placing a copy of this Reply in support of Petition for Rehearing En Banc in U.S. certified mail in an envelope with proper postage properly addressed as follows to counsel for Naiel Nassar, MD, Plaintiff - Appellee Cross Appellant:

> Brian P. Lauten
> SAWICKI & LAUTEN LLP
> 4040 N. Central Expressway
> Suite 850
> Dallas, Texas 75204

Also enclosed in the envelope addressed to each counsel was an exact copy of only this Reply in Support of Petition for Rehearing En Banc (with cover sheet) in electronic form, namely, a CD with a label including the case name, docket number, identity of the document, and specification of the word processing software and version used to prepare this Reply in support of Petition for Rehearing En Banc.

Service was made in this manner because the above counsel is shown on the Attorney Service Report on CM/ECF as preferring service by mail.

/s/    Daryl L. Joseffer
Daryl L. Joseffer
Attorney for University of Texas Southwestern Medical Center
Defendant - Appellant Cross-Appellee
Dated: May 3, 2012